UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| LAWRENCE GOLD, | ) | Case No.: 2:10-cv-01707-GMN-RJJ |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

Before the Court is Defendant's Motion to Dismiss Complaint and Strike pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 5).  Plaintiff filed an untimely Response on November 11, 2010. (ECF No. 7).  Defendants filed a Reply on November 19, 2010. (ECF No. 8).

For the following reasons the Court **GRANTS** Defendant's Motion.

## FACTS AND BACKGROUND

This case arises out of Defendant Wal-Mart's alleged discriminatory actions against its former employee, Plaintiff Lawrence Gold.  The dispute arises from an incident that occurred on February 28, 2008 at a new Wal-Mart store in Las Vegas that was still under construction. (Complaint ¶ 6, pg. 2, ECF No. 1).  Plaintiff was helping stock the store alongside other employees. (*Id.* at ¶7, pg. 2).  All employees were instructed to use portable restrooms located outside the store as the restrooms inside the building were not yet open. (*Id.*).  Plaintiff tried to exit to use the restroom but was stopped by a supervisor or manager. (*Id.* at ¶9, pg. 3).  Plaintiff, a 77 year old man, explained the urgency of the situation, but was directed to return to work. (*Id.* at ¶8 - ¶9, pg. 3).  Plaintiff was unable to control himself and soiled himself. (*Id.* at ¶10, pg. 3).  He was then allowed to leave. (*Id.*)  Plaintiff

wrote a letter to Defendant's corporate office and explained what happened. (*Id.* at ¶11, pg. 3). In response to this letter Defendant fired Plaintiff. (*Id.* at ¶11 - ¶12, pg. 3). Plaintiff did not receive his paycheck until two months after his termination. (*Id.* at ¶12, pg. 3). When Plaintiff tried to deposit his final paycheck the check was returned because Defendant canceled payment. (*Id.* at ¶13, pg. 3).

Plaintiff filed charges of discrimination with the Nevada Equal Rights Commission ("NERC") and the U.S. Equal Employment Opportunity Commission ("EEOC") on or about May 30, 2007. (*Id.* at ¶14, pg. 3) EEOC granted Plaintiff a "Right to Sue" letter (the Letter). (*Id.*). The Letter is dated April 29, 2008. (Mtn. to Dismiss, Ex. E, ECF No. 5). Plaintiff claims that he did not receive the Letter until August 18, 2010. (Response 3:19-26, ECF No. 7).

Plaintiff filed a previous suit on June 26, 2008. (*Id.* at 3:10-12). However during the pendency of that lawsuit, Defendant argued that the EEOC had not issued a "Right to Sue" letter. (*Id.* at 3:12-15) Plaintiff disputed this but agreed to a stipulation dismissing the suit without prejudice anyway. (*Id.* at 3:14-19). After Plaintiff received the Letter in August of 2010, the instant action was filed on October 1, 2010. (*Id.* at 3:20-26).

## DISCUSSION

**A.    Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, a court takes all material

allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**B.      Untimely Response**

Plaintiff failed to Respond to Defendant's Motion to Dismiss within the 14 days required by Local Rule 7-2(b).  Defendant argues that Plaintiff's failure to file points and authorities in response it its motion constitutes consent to the granting of the motion

pursuant to Local Rule 7-2(d).  However, before dismissing an action for noncompliance with a local rule, the district court is required to weigh (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  If district court does not consider these factors explicitly, the appellate court reviews the record independently to determine whether the district court abused its discretion. *Id.* at 54.

The first two factors, the public's interest in the expeditious resolution of litigation and the court's need to manage its docket almost always favor dismissal.  The risk of prejudice to the Defendant does not weigh for or against Plaintiff.  Defendant is prejudiced by having to defend this suit, but Plaintiff's short delay to respond does not increase any burden on Defendant.  The fourth factor weighs in favor of not dismissing the case as it is always more favorable to decide a case on its merits.  Finally, there are a myriad of less drastic sanctions to impose, including allowing Plaintiff the opportunity to litigate this case.

While Plaintiff's failure to timely respond favors dismissal, there is no clear indication that dismissal would be appropriate based only on Plaintiff's four day lapse.

**C.     Untimely Complaint**

Defendant argues that Plaintiff's complaint was filed after the 90 days required by the Age Discrimination in Employment Act (ADEA) and therefore the complaint should be dismissed in its entirety. 29 C.F.R. § 1626.18(c).  As explained *supra*, Plaintiff filed a previous suit on June 26, 2008 against Defendant.  However during the pendency of that lawsuit, Defendant argued that the EEOC had not issued a "Right to Sue" letter.  Plaintiff disputed this but agreed to a stipulation dismissing the suit without prejudice anyway.  The

stipulation stated that the parties agreed that once an official verification has been determined regarding a right to sue that Plaintiff would re-file his Complaint. (*See* Motion to Dismiss, Ex. 3, ECF No. 5-3)

Plaintiff maintains that he did not receive the Letter until August of 2010, even though the Letter is dated April 29, 2008. After Plaintiff received the Letter in August of 2010, the instant action was filed on October 1, 2010. Plaintiff does not explain why there is a two year lapse in time from the date the Letter was issued and the date he received the Letter. Plaintiff does not detail any efforts he took to obtain the Letter following the stipulation. Plaintiff's only reference to requesting a copy of the Letter states that Plaintiff requested a copy in June of 2010. (Response 3:22-24, ECF No. 7). This two year lapse shows Plaintiff's lack of diligence to obtain the Letter. "The limitations period, while guaranteeing the protection of the civil rights laws to those who promptly assert their rights, also protect employers from the burden of defending claims arising from employment decisions that are long past." *Delaware State College v. Ricks*, 449 U.S. 250, 256, 101 S. Ct. 498, 503 (1980). Accordingly, as Plaintiff failed to file his complaint within 90 days of notice as required by 29 C.F.R. § 1626.18(c) and with no explanation as to why it took Plaintiff nearly two years to obtain the right to sue letter the Court finds that Plaintiff's Complaint is untimely and should be dismissed.

## CONCLUSION

IT IS HEREBY ORDERED that the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 5). Plaintiff's Complaint is **DISMISSED with prejudice**.

DATED this 8th day of March, 2011.

_____
Gloria M. Navarro
United States District Judge